Michele R. Stafford, Esq. (SBN 172509)
Allan D. Shuldiner, Esq. (SBN 252259)
SALTZMAN & JOHNSON LAW CORPORATION
1141 Harbor Bay Parkway, Suite 100
Alameda, CA 94502
Telephone: (510) 906-4710
Email: mstafford@sjlawcorp.com
Email: ashuldiner@sjlawcorp.com

Attorneys for Plaintiffs, Operating Engineers'
Health and Welfare Trust Fund for Northern California, et al.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; DAN REDING and JAMES E. MURRAY, Trustees; <br><br> PENSION TRUST FUND FOR OPERATING ENGINEERS; DAN REDING and JAMES E. MURRAY, Trustees; and <br><br> PENSIONED OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND; DAN REDING and JAMES E. MURRAY, Trustees, <br><br> Plaintiffs, <br><br> v. <br><br> CRAIG JONES dba CRJ WATER TRUCK SERVICE, an individual, <br><br> Defendant. | Case No. <br><br> **COMPLAINT** |

<u>Parties</u>

1.     The Operating Engineers' Health and Welfare Trust Fund for Northern California ("Health Fund"); Pension Trust Fund for Operating Engineers (which includes the Pension Plan for the Pension Trust Fund for Operating Engineers, and the Operating Engineers Annuity Plan) ("Pension Plan"); and Pensioned Operating Engineers' Health and Welfare Trust Fund ("Pensioned Health Fund"); (collectively referred to hereinafter as the "Trust Funds"), are employee benefit plans as defined in the

1
**COMPLAINT**
**Case No.**

1    Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). The Trust
2    Funds and their fiduciaries are together referred to herein as "ERISA Plaintiffs" or "Plaintiffs." Dan
3    Reding and James E. Murray are Co-Chairmen of the Joint Boards of Trustees of ERISA Plaintiffs with
4    authority to act on behalf of all Trustees.

5    2.   Craig Jones dba CRJ Water Truck Service, an individual ("Defendant") is an employer
6    by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2), 29 U.S.C. §
7    152(2).

Jurisdiction

9    3.   Jurisdiction exists in this Court over the claims asserted by ERISA Plaintiffs by virtue of
10   ERISA § 502, 29 U.S.C. § 1132, in that ERISA Plaintiffs seek to enforce the provisions of ERISA and
11   the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief
12   to redress such violations, and seek all other appropriate relief under ERISA.

13   4.   Jurisdiction exists in this Court over all the claims by virtue of LMRA § 301, 29 U.S.C. §
14   185, in that Plaintiffs seek to enforce the terms and conditions of a valid Bargaining Agreement.

15   5.   To the extent jurisdiction over any claim does not exist under ERISA or the LMRA,
16   supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they
17   arise out of a common nucleus of operative facts that form the basis of the federal claims asserted
18   herein, each of which has a substantial ground in federal jurisdiction.

Venue

20   6.   Venue is conferred upon this Court by ERISA § 502, 29 U.S.C. § 1132. Where an action
21   is brought under ERISA § 502 in a district court of the United States, it may be brought at Plaintiffs'
22   discretion, in the district where the plan is administered, where the breach took place, or where a
23   defendant resides or may be found, and process may be served in any other district where a defendant
24   resides or may be found. ERISA Plaintiffs' Trust Funds are administered in this district at their principal
25   place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this
26   Court.

27   7.   Venue exists in this Court with respect to the claims under LMRA § 301(a), 29 U.S.C. §

185, as this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arise in this district.

Intradistrict Assignment

8. The basis for assignment of this action to this Court's Oakland Division is that all of the events and omissions giving rise to Plaintiffs' claims occurred in the County of Alameda, where ERISA Plaintiffs' Funds are administered, and where Defendant therefore failed to fulfill its statutory and contractual obligations to Plaintiffs.

Bargaining Agreements

9. Defendant entered into the Memorandum Project Agreement (the "Project Agreement") with the Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union"), which incorporates the Vulcan Materials Friant Plant Agreement ("Plant Agreement") between the Union and Vulcan Materials Company, Western Division. The Project Agreement and Plant Agreement are collectively referred to hereinafter as the "Bargaining Agreements." The Bargaining Agreements, which incorporate the terms of the Trust Agreements establishing the Trust Funds ("Trust Agreements"), require Defendant to provide employer contributions to Plaintiffs' Trust Funds, to the Union for union dues, and to the other plans more fully described in the Bargaining Agreements. ERISA Plaintiffs are third-party beneficiaries of the Bargaining Agreements.

10. Under the terms of the Bargaining Agreements, and Trust Agreements incorporated therein, Defendant is required to pay dues to the Union. Plaintiffs' Boards of Trustees have been authorized to collect dues due to the Union under the Bargaining Agreements and Trust Agreements.

11. Under the Bargaining Agreements and Trust Agreements, which are incorporated into the Bargaining Agreements and made binding on Defendant, Defendant is required to regularly pay to ERISA Plaintiffs and the Union, certain sums of money, the amounts of which are determined by the hours worked by Defendant's employees. Contributions are due on the fifteenth (15th) day of the month following the month in which hours were worked, and are considered delinquent if not received by the twenty-fifth (25th) day of that month. Defendant is also required, pursuant to the Bargaining and Trust

Agreements, to pay liquidated damages in the amount of ten percent (10%) for each delinquent contribution, but in the amount of twenty percent (20%) for each delinquent contribution which is the subject of litigation. Moreover, the Bargaining and Trust Agreements provide that interest accrues on delinquent contributions at the rates reasonably set by the Trustees from the date they become delinquent, which is the twenty-sixth (26th) day of the month in which payment was due, until paid in full.

12. The Bargaining and Trust Agreements further require Defendant to maintain time records or time cards, and to permit an authorized Trust Fund representative to examine such records of Defendant as are necessary to determine whether Defendant has made full payment of all sums owed to ERISA Plaintiffs. Should an audit of Defendant's records reveal Defendant has failed to provide full and prompt payment of all sums due to Plaintiffs, Defendant must reimburse Plaintiffs for the amounts due, including audit fees, in addition to any other obligations pursuant to the Bargaining and Trust Agreements.

Facts

13. Defendant has failed and refused to comply with an audit of its payroll records for the period from January 1, 2014 through December 31, 2017.

14. Plaintiffs are entitled to recover any and all other contributions, and all liquidated damages and interest on delinquent contributions not specified above, found due on timecards, audit, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, through the time of Judgment. Plaintiffs reserve the right to conduct a further audit to determine whether there are any additional amounts due from Defendant.

**FIRST CAUSE OF ACTION**
**For Audit Compliance, Payment of Delinquent Contributions, Interest, Liquidated Damages, Attorneys' Fees and Costs Against Defendant**

15. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 14, above.

16. Defendant has a contractual duty to timely pay the required contributions to Plaintiffs, and to timely pay dues to the Union, pursuant to the Bargaining Agreements and Trust Agreements. Defendant also has a contractual duty under the Bargaining Agreements, and Trust Agreements to

4

**COMPLAINT**
**Case No.**

permit an audit of its records to determine whether it is making full and prompt payment of all sums required to be paid by it to Plaintiffs, and to pay Plaintiffs all amounts found due as a result of an audit, including audit fees.

17. In addition, Defendant has a statutory duty to timely make the required payments to Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

18. By failing to make the required payments to Plaintiffs, and by failing to comply with an audit, Defendant breached the Bargaining Agreements and Trust Agreements and is in violation of ERISA § 515, 29 U.S.C. § 1145, and LMRA § 301(a).

19. Defendant's failure and refusal to pay the required contributions and permit the audit was at all times, and still is, willful. Defendant continues to breach the Bargaining Agreements, and incorporated Trust Agreements by failing to pay all amounts owed as alleged and by failing to permit the audit. Said refusal is unjustified and done with knowledge and intent.

20. ERISA Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless Defendant is ordered specifically to perform all obligations required on Defendant's part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, and the Bargaining Agreements and Trust Agreements, and is restrained from continuing to refuse to perform as required thereunder.

21. This Court is authorized to issue injunctive relief based on the traditional standard. As set forth above, ERISA Plaintiffs have a strong likelihood of success on the merits. There is the possibility that ERISA Plaintiffs' Trust Funds and their participants will suffer irreparable injuries. The balance of hardships and advancement of public interest favor ERISA Plaintiffs.

22. This Complaint does not in any manner relate to statutory withdrawal liability that may or may not be assessed against Defendant. ERISA Plaintiffs expressly reserve the right to pursue any such withdrawal liability claims against Defendant as provided by ERISA Plaintiffs' Plan Documents, Trust Agreements, and the law.

/ /

/ /

Prayer

WHEREFORE, Plaintiffs pray as follows:

1. For a judgment against Defendant as follows:

(a) Any unpaid contributions, due at time of Judgment, including those specified above as well as any other contributions determined as due by audit, timecards, or otherwise, including estimated contributions for any months Defendant fails to report to Plaintiffs, pursuant to ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A);

   i. To ERISA Plaintiffs, in accordance with ERISA § 502(g)(2)(A), 29 U.S.C. § 1132(g)(2)(A) and the Bargaining Agreements;

   ii. To the Union in accordance with the Bargaining Agreements.

(b) Liquidated damages on all late-paid and unpaid contributions in an amount provided for under the Bargaining and Trust Agreements, and with respect to ERISA Plaintiffs, ERISA § 502(g)(2)(c), 29 U.S.C. § 1132(g)(2)(c).

(c) Interest on all late-paid and unpaid contributions at the rates set in accordance with the Bargaining Agreements, the Trust Agreements, and ERISA § 502(g)(2)(B), 29 U.S.C. § 1132(g)(2)(B).

2. Plaintiffs' reasonable attorneys' fees and costs of this action, including any audit fees, in accordance with ERISA § 502(g)(2)(D) and (E), 29 U.S.C. § 1132(g)(2)(D) and (E); and in accordance with the Bargaining Agreements; and with LMRA § 301, 29 U.S.C. § 185, for all Plaintiffs.

3. For an order,

(a) requiring that Defendant comply with its obligations to Plaintiffs under the terms of the Bargaining Agreements and the Trust Agreements;

(b) enjoining Defendant from violating the terms of those documents and of ERISA; and

(c) enjoining Defendant from disposing of any assets until said terms have been complied with, and from continuation or operation of Defendant's business until said terms have been complied with.

4.	That the Court retain jurisdiction of this case pending compliance with its orders.

5.	For such other and further relief as the Court may deem just and proper.

DATED: February 28, 2020	SALTZMAN & JOHNSON LAW CORPORATION

By:	/S/
Allan D. Shuldiner
Attorneys for Operating Engineers' Health And Welfare Trust Fund, et al.